UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THADDEUS ANTHONY STOVALL | CIVIL ACTION |
| VERSUS | NO: 10-1098 |
| MARLIN GUSMAN, DEPUTY OHLMEYER, ORLEANS PARISH CRIMINAL SHERIFF'S OFFICE | SECTION "C" (4) |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 10)** filed by the defendant Orleans Parish Criminal Sheriff's Office, and a **Motion to Strike (Rec. Doc. No. 12)** filed by the plaintiff Thaddeus Anthony Stovall. The motions, along with the entire matter, were referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual Summary**

Stovall is currently housed in the River Bend Detention Center in Lake Providence, Louisiana.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983

---

[1] Rec. Doc. No. 15.

against Orleans Parish Sheriff Marlin Gusman, Deputy Ohlmeyer, and the Orleans Parish Criminal Sheriff's Office.

Stovall alleges that on September 29, 2009, he was on the recreation yard of the Orleans Parish Prison's temporary jail facility ("OPP"), when he was assaulted and attacked by another inmate. He claims that, at the time of the attack, Deputy Ohlmeyer looked on and refused to intervene. Instead, Sergeant Jefferson and a female deputy intervened. Stovall was then seen by the medical staff and routed to University Hospital. While at the hospital, x-rays were taken and he had a CT scan, which disclosed that he had a fracture to his upper-jaw. He further alleges that, as a result of the attack, on October 4, 2009, he had surgery to insert plates and screws into his upper-jaw.

Stovall seeks a judgment against the defendants in the amount of $50,000 for the injury, pain and suffering, and mental anguish he experienced as a result of this incident.

## II.     Defendant's Rule 12(b)(6) Motion to Dismiss

The defendant, Orleans Parish Criminal Sheriff's Office ("OPCSO"), has filed a motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of the claims against it. The OPCSO argues that the sheriff's office is not a legal entity with the capacity to sue or be sued and is therefore not an appropriate defendant in this case.

In lieu of a response to the foregoing motion, the plaintiff filed a "Motion to Strike" in which he seeks to have the motion to dismiss, and the answer and defenses of the other defendants, stricken from the record. Stovall reiterates that the factual basis for his claim and argues that he is entitled to pursue his claims against the defendants under the Eighth Amendment. He suggests that Ohlmeyer was an employee of the Orleans Parish Criminal Sheriff's Office and Sheriff Gusman was

his employer. As such, his claims against all of the defendants under § 1983 should not be dismissed.

## III.     Standards of Review

### A.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds; Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**B.      Standard of Review of Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." (Uppercase and parenthetical in original) *Id.*, 550 U.S. at 555-56 (quotation marks, citations, and footnote omitted). Plausible grounds, "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.*, 550 U.S. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)).

In resolving the motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may be taken into account. *Chester Cnty. Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint, and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In the prisoner context, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir.1976), the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Id.*, 529 F.2d at 713-14; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### IV. Analysis

#### A. Orleans Parish Criminal Sheriff's Office

Stovall has named the Orleans Parish Criminal Sheriff's Office as a defendant because that is where Deputy Ohlmeyer was employed. His claims are legally frivolous and otherwise fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure,

Louisiana law governs whether these defendants can be sued.[2] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The State of Louisiana, however, grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, none of the parish sheriff's offices are legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims, if any, against the sheriff's office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

For all of these reasons, the claims against the Orleans Parish Criminal Sheriff's Office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e. The defendants' motion to dismiss and the plaintiff's motion to strike the motion should be denied as moot.

**B.     Sheriff Marlin Gusman**

Stovall also names Sheriff Marlin Gusman as a party defendant. He does not, however, set forth any allegations in his Complaint against the sheriff. Under a broad reading, it appears that he has named the Sheriff as the head of OPP. Stovall also clarifies in his motion to strike that Sheriff Gusman is named as Deputy Ohlmeyer's employer.

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Stovall has not alleged that Sheriff Gusman was personally involved in the acts about which he complains. An official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) . Stovall has not alleged that Sheriff Gusman was in any way, personally aware of the risk of harm he experienced at the hands of the inmate who allegedly assaulted him.

Stovall does not allege that Sheriff Gusman was present for, or personally involved in, the alleged failure to protect him from the inmate who attacked him. Stovall also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. See *Bryant v. Lafourche Parish Det. Ctr.,* No. 09-7345 2010 WL 1978789 ( E.D. La. April 23, 2010)(Roby, J.); See also *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir.1991); *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992); see also *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.1996).

Instead, Stovall names Sheriff Gusman simply because he is the parish sheriff. Thus, Stovall's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### C. **Deputy Ohlmeyer**

Stovall also has filed suit against Deputy Ohlmeyer seeking to hold him liable for failing to protect him from or intervene in the attack by the other inmate. Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer*, 511 U.S. at 832-33; *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm inflicted by other inmates. Thus, prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Only deliberate indifference, "an unnecessary and wanton infliction of pain or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *accord Gregg v. Georgia*, 428 U.S. 153, 182-83 (1976). "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment in this manner. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission

8

must result in the denial of the minimal civilized measure of life's necessities." *Id*., at 834 (quotation omitted).

Further, the plaintiff must establish that the defendant possessed a culpable state of mind. *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*., at 837. "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). If a court finds that one of the components of the test is not met, it need not address the other component. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

The Supreme Court has reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a state actor disregarded a known or obvious consequence of his action. The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997) (additional citations and footnote omitted) (emphasis added). "'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. *Farmer*, 511 U.S. at 837; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Not every injury suffered by a prisoner at the hands of another, however, rises to the level of a constitutional violation. *Farmer*, 511 U.S. at 834. Nor are prison officials "expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834). Thus, in *Adames*, the Fifth Circuit vacated and remanded a jury verdict in favor of an inmate, holding that evidence of isolated previous attacks was insufficient to show deliberate indifference to an inmate's safety or to support a jury's verdict that prison officials failed to protect the inmate.

It is unclear at this stage of the litigation whether Deputy Ohlmeyer was aware of the fact that Stovall would be attacked by another inmate or whether he had the requisite state of mind such to constitute deliberate indifference. Nonetheless, Stovall has at least alleged that, when the attack occurred, Deputy Ohlmeyer refused to intervene. At this stage, this at least states a claim for failure to protect under the Eight Amendment sufficient to survive a frivolousness review.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Stovall's § 1983 claims against the Orleans Parish Criminal Sheriff's Office and Sheriff Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that the **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 10)** filed by the defendant Orleans Parish Criminal Sheriff's Office, and the **Motion to Strike (Rec. Doc. No. 12)** filed by the plaintiff be **DENIED** as moot in light of the Court's recommendation that the claims against the Orleans Parish Criminal Sheriff's Office and Sheriff Gusman be dismissed as frivolous.

The plaintiff's § 1983 claims for failure to protect against Deputy Ohlmeyer should be allowed to proceed forward and remain referred to the undersigned for pretrial matters.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 10th day of September, 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.